IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **EDWARD EUGENE BARBER,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 7:12-CV-00165-HL |
| VS. : | |
| : | |
| **ERIC HOLDER, et. al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiff **EDWARD EUGENE BARBER**, an inmate currently confined at Valdosta State Prison, has filed a *pro se* application for a "writ of mandamus" (ECF No. 1 & 5). Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Any prisoner attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, § 801-8 10, l10 Stat. 1321 (1996). Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. This code section, known as the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798

(2007). Petitions for mandamus against either federal or state officials qualify as "civil actions" under 28 U.S.C. § 1915(g). In re Michael C. Washington, 122 F.3d 1345, 1345 (10th Cir. 1997); In re Norman Crittenden, 143 F.3d 919, 920 (5th Cir. 1998). See also, Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) (plaintiff with three prior strikes could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus); Crummie v. Veloz, No. 10–23571–CIV, 2010 WL 5059560, at *3 (S.D. Fla. Nov. 10, 2010) (§ 1915(g) applies to petitions for mandamus).

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has three "strikes." See e.g., Barber v. Krier, 1:02-cv-02273-JEC (N.D. Ga. Sept. 11, 2002); Barber v. Duffey, 1:03-cv-00683-JEC (N.D. Ga. March 28, 2003); Barber v. Donald, 1:07-cv-01133-WSD (N.D. Ga. May 30, 2007). Because of these dismissals, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has apparently attempted to satisfy this standard. In fact, Plaintiff has written that "Imminent Danger of Serious Physical Injury is plead" on the caption of his Complaint. The Complaint then alleges that prison officials are denying Plaintiff adequate medical and dental care, including care for his: (1) impaired vision; (2) impaired speech; (3) impaired thinking; (4) impaired breathing; (5) impaired circulation; (6) impaired walking; and (7) impaired mobility. However, Plaintiff's allegations of "imminent danger of serious physical harm" are speculative and lacking in specifics. Even when considered in the aggregate, Plaintiff's allegations fail to satisfy the imminent danger requirement. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (vague and unsupported allegations do not permit a finding of imminent danger).

Plaintiff's request to proceed *in forma pauperis* is accordingly **DENIED**, and the instant

action shall be **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against these defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. See id.

Plaintiff's rambling "Request for Temporary Restraining Order and/or Preliminary Injunction or, in the alternative, the Appointment of Counsel" (ECF No. 6) is found to have no merit and is **DENIED**.

**SO ORDERED**, this 14th day of January 2013.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr